IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BINDHU A. POOVANNUMVILA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | No. 3:25- cv-2398-N-BN |
| DOUG COLLINS, in his official capacity as Secretary, U.S. Department of Veterans Affairs, | § | |
| | § | |
| | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

This case was referred to the undersigned United States magistrate judge for pretrial management under 8 U.S.C. § 636(b) and a standing order of reference from Senior United States District Judge David C. Godbey. *See* Dkt. No. 1.

Plaintiff Bindhu A. Poovannumvila proceeding *pro se*, filed this lawsuit against Defendant Doug Collins, in his official capacity as Secretary of the U.S. Department of Veterans Affairs ("VA"). *See* Dkt. No. 3.

Poovannumvila has filed two motions for leave to amend her complaint. *See* Dkt. Nos. 33 & 38. And Collins has filed a Motion to Dismiss, or Alternatively, Motion for Summary Judgment. *See* Dkt. No. 39.

The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should grant in part and deny in part the Motion to Dismiss [Dkt. No. 39] and deny both of Poovannumvila's motions for leave [Dkt. Nos. 33 & 38].

## Background

Poovannumvila filed her Original Complaint against Collins on September 5, 2025, alleging employment claims arising out of her employment with the VA. *See* Dkt. No. 3. She filed an Amended Complaint on September 18, 2026, *see* Dkt. No. 14, which Collins answered, *see* Dkt. No. 32. The Amended Complaint raises claims of whistleblower retaliation, hostile work environment, discrimination, and due process violations. *See* Dkt. No. 14.

The Court entered an Initial Scheduling Order, setting the deadline to amend pleadings as December 15, 2025. *See* Dkt. No. 31.

On November 10, 2025, Poovannumvila filed a Motion for Leave to Supplement and Amend Complaint. *See* Dkt. No. 33. Collins responded, arguing that Poovannumvila's proposed amended complaint was not proper because it was incomplete. *See* Dkt. No. 34.

On November 12, 2025, Poovannumvila filed a Notice of Supplemental Facts. *See* Dkt. No. 35. And, on the same day, she replied in support of her Motion for Leave [Dkt. No. 33]. *See* Dkt. No. 36.

The Court ordered Poovannumvila to submit a new motion for leave that included, as an exhibit, a copy of her proposed amended complaint and that otherwise conformed with Local Civil Rule 15.1. *See* Dkt. No. 37.

Poovannumvila filed a new Motion for Leave to File Amended and Supplemental Complaint on November 20, 2025. *See* Dkt. No. 38. The proposed Second Amended Complaint seeks to add claims for (1) Title VII retaliation, hostile

work environment, and disparate treatment; (2) violations of the Whistleblower Protection Act; (3) Fifth Amendment due process violations; (4) retaliatory fabrication of evidence and constructive discharge; (5) defamation; (6) intentional infliction of emotional distress ("IIED"); (7) concealment and falsification of documents; and violation of privacy right and breach of confidentiality. *See* Dkt. No. 38-1 at 8-9.

On December 17, 2025, Collins filed a Motion to Dismiss, or Alternatively, Motion for Summary Judgment directed to Poovannumvila's Amended Complaint [Dkt. No. 14]. *See* Dkt. No. 39. And, the same day, he responded to Poovannumvila's second Motion for Leave. *See* Dkt. No. 42.

Poovannumvila responded to the Motion to Dismiss, *see* Dkt. No. 43, and Collins replied, *see* Dkt. No. 44. Poovannumvila did not reply in support of her second Motion for Leave.

## Legal Standards

### I. Motion for Leave to Amend

Federal Rule of Civil Procedure 15(a)(1) provides that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under [Federal Rule of Civil Procedure] 12(b), (e), or (f), whichever is earlier." FED. R. CIV. P. 15(a)(1). Federal Rule of Civil Procedure 15(a)(2) then provides that, "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2).

Rule 15(a) requires that leave to amend be granted freely "when justice so requires." FED. R. CIV. P. 15(a)(2). And, because this rule provides a "strong presumption in favor of granting leave to amend," *Fin. Acquisition Partners, LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006), the Court must do so "unless there is a substantial reason to deny leave to amend," *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981).

One such reason is futility: "If the [pleading], as amended, would be subject to dismissal, then amendment is futile and the district court [is] within its discretion to deny leave to amend." *Martinez v. Nueces Cnty., Tex.*, 71 F.4th 385, 391 (5th Cir. 2023) (quoting *Ariyan, Inc. v. Sewage & Water Bd. of New Orleans*, 29 F.4th 226, 229 (5th Cir. 2022)).

The futility analysis "mimics that of a motion to dismiss" under Federal Rule of Civil Procedure 12(b)(6). *Id.*

## II. Motion to Dismiss

Considering a motion under Rule 12(b)(6), the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007).

Even so, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555.

"A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *cf. Bryant v. Ditech Fin., L.L.C.*, No. 23-10416, 2024 WL 890122, at *3 (5th Cir. Mar. 1, 2024) ("[J]ust as plaintiffs cannot state a claim using speculation, defendants cannot defeat plausible inferences using speculation.").

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

So, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up; quoting *Twombly*, 550 U.S. at 557); *see, e.g.*, *Parker v. Landry*, 935 F.3d 9, 17 (1st Cir. 2019) (Where "a complaint reveals random puffs of smoke but nothing resembling real signs of fire, the plausibility standard is not satisfied.").

And, while Federal Rule of Civil Procedure 8(a)(2) does not mandate detailed factual allegations, it does require that a plaintiff allege more than labels and conclusions, and, so, while a court must accept a plaintiff's factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Consequently, a threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*; *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) ("[T]he court does not 'presume

true a number of categories of statements, including legal conclusions; mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'" (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021))).

And, so, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

"*Pro se* complaints receive a 'liberal construction.' Even so, 'mere conclusory allegations on a critical issue are insufficient.'" *Brown v. Tarrant Cnty., Tex.*, 985 F.3d 489, 494 (5th Cir. 2021) (quoting *Carlucci v. Chapa*, 884 F.3d 534, 538 (5th Cir. 2018), then *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989) (per curiam)). And "liberal construction does not require that the Court ... create causes of action where there are none." *Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013).

"To demand otherwise would require the 'courts to explore exhaustively all potential claims of a *pro se* plaintiff' and would '"transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."'" *Jones v. Mangrum*, No. 3:16-cv-3137, 2017 WL 712755, at *1 (M.D. Tenn. Feb. 23, 2017) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

## Analysis

I. **Motion to Dismiss**

**A. Consideration of Exhibits**

Aside from "matters of which judicial notice may be taken under Federal Rule of Evidence 201," *Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019) (citations omitted), a court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion, *see Spivey v. Robertson*, 197 F.3d 722, 774 (5th Cir. 1999); *see also Basic Capital Mgmt., Inc. v. Dynex Capital, Inc.*, 976 F.3d 585, 589 (5th Cir. 2020) (Federal Rule of Evidence 201(d) "expressly provides that a court 'may take judicial notice at *any* stage of the proceeding,' and our precedents confirm judicially noticed facts may be considered in ruling on a 12(b)(6) motion." (citations omitted)).

Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d at 205; *see also Gill as Next Friend of K.C.R. v. Judd*, 941 F.3d 504, 511 (11th Cir. 2019) ("The Civil Rules provide that an attachment to a complaint generally becomes 'part of the pleading for all purposes,' including for ruling on a motion to dismiss." (quoting FED. R. CIV. P. 10(c); citations omitted)).

Documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th

Cir. 1993)). "Although the [United States Court of Appeals for the] Fifth Circuit has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). "However, if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.*

And, "[w]hen an allegation is contradicted by the contents of an exhibit attached to the pleading," "the exhibit and not the allegation controls." *Rogers v. City of Yoakrum*, 660 F. App'x 279, 285 n.6 (5th Cir. 2016) (per curiam) (cleaned up; quoting *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 377 (5th Cir. 2004) (citing *Simmons v. Peavy-Welsh Lumber Co.*, 113 F.2d 812, 813 (5th Cir. 1940))).

If the Court is presented as part of a Rule 12(b)(6) or 12(c) motion with matters outside the pleadings, Federal Rule of Civil Procedure 12(d) gives the Court "complete discretion" either (1) to disregard the materials or (2), provided that the Court gives all parties "a reasonable opportunity to present all the material that is pertinent to the motion," to accept and consider them in treating the motion as one for summary judgment under Federal Rule of Civil Procedure 56. FED. R. CIV. P. 12(d); *In re Katrina Canal Breaches Litig.*, 495 F.3d at 205; *Isquith ex rel. Isquith v. Middle S.*

*Utils., Inc.*, 847 F.2d 186, 196 n.3 (5th Cir. 1988).

The Court exercises this discretion by determining whether the proffered material, and the resulting conversion from Rule 12(b)(6) or 12(c) to Rule 56, is likely to facilitate disposing of the action. *Isquith*, 847 F.2d at 193 n.3. But, "[i]f ... matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." FED. R. CIV. P. 12(d).

Collins filed exhibits to support the Motion to Dismiss and asked the Court to treat the motion, in the alternative, as one for summary judgment. *See* Dkt. Nos. 39 & 41.

The undersigned finds that, at this stage in the litigation, converting the Motion to Dismiss to a motion for summary judgment is unnecessary and premature. The exhibits that are needed to resolve the Motion to Dismiss may be considered as part of the pleadings.

In particular, Collins provided a copy of the Equal Employment Opportunity ("EEO") complaint, *see* Dkt. No. 41-1 at 27-30, and the EEO counselor's report, *see id.* at 6-10. The EEO charge was referenced in the Amended Complaint. *See* Dkt. No. 14 at 3 (alleging that Poovannumvila filed a formal EEO complaint on August 1, 2022). And it is central to Poovannumvila's claims. *See Millan v. Bexar Cnty., Texas*, No. SA-21-cv-0659-JKP-HJB, 2022 WL 62541, at *5 (W.D. Tex. Jan. 5, 2022) ("[T]he [EEO] documents are necessary to the Court's analysis of Defendant's contention that

several of Plaintiff's claims are subject to dismissal for failure to exhaust administrative remedies."). And, "[f]or the same reason, the Court [may] consider[ ] the EEO counselor's report filed with [the Motion to Dismiss] to be part of the pleadings." *Buyze v. Mukasey*, No. 3:07-cv-1191-M-BH, 2008 WL 904718, at *3 n.2 (N.D. Tex. Mar. 31, 2008) (citations omitted); *see* Dkt. No. 14 at 2.

And, so, the Court should decline to treat the Motion to Dismiss as a motion for summary judgment, and it should consider only those exhibits that are part of the pleadings.

**B. Whistleblower Retaliation**

Poovannumvila alleges a claim for "[w]histleblower retaliation in violation of federal protections." Dkt. No. 14 at 7.

The Whistleblower Protection Act ("WPA") "protects federal employees from certain adverse employment actions taken because the employee reported or made disclosures of wrongdoing by his employer." *Kurth v. Gonzales*, 469 F. Supp. 2d 415, 421-22 (E.D. Tex. 2006) (citing 5 U.S.C.§ 2302(b)).

"The WPA does not give an aggrieved employee the right to seek relief directly in federal district court." *Quinn v. West*, 140 F. Supp. 2d 725, 733 (W.D. Tex. 2001) (collecting cases). Instead, "[a] plaintiff is required to exhaust his claims in the forum he has chosen before filing a civil action." *Id.* (citing *McAdams v. Reno*, 64 F.3d 1137, 1142 (8th Cir. 1995) (quoting *Tolbert v. United States*, 916 F.2d 245, 248 (5th Cir. 1990))).

To exhaust WPA claims,

> [e]mployees must bring complaints of WPA violations to OSC first. *See* 5 U.S.C 1214(a)(1)(A). When not satisfied with OSC's initial determination, they can appeal to the Merit Systems Protection Board (MSPB). *See* 5 U.S.C. § 1214(a)(3); 5 C.F.R. § 1209.5(a); *Ellison v. Merit Systems Protection Board*, 7 F.3d 1031, 1035-36 (Fed. Cir. 1993).
> …
> Employees who receive adverse MSPB rulings can seek judicial review in the Court of Appeals for the Federal Circuit, (5 U.S.C. § 1214(c)), or in a "mixed case" in a federal district court." *See Barnes v. Small*, 840 F.2d 972, 979 (D.C. Cir. 1998).

*Kurth*, 469 F. Supp. 2d at 422. "'Mixed cases' involve allegations of employment discrimination 'based on race, color, religion, sex, national origin, age or handicap' as well as 'additional allegations that the MSPB has jurisdiction to address.'" *Id.* at 422 n.3 (citing 29 C.F.R. § 1614.302(a)(1)).

This case "is a 'mixed' case involving claims of discrimination and retaliation for whistleblowing activities." *Quinn*, 140 F. Supp. 2d at 725.

Poovannumvila alleges that she filed an EEO charge on August 1, 2022. *See* Dkt. No. 14 at 3. Collins provided a copy of the charge as an exhibit to the Motion to Dismiss, which, as explained above, the Court may consider as part of the pleadings. *See* Dkt. No. 41-1 at 27.

The undersigned notes that, in Poovannumvila's response to the Motion to Dismiss, she clarifies that "[t]his action is based solely on Plaintiff's first EEO complaint. … Plaintiff does not assert claims arising from any subsequent EEO proceeding." Dkt. No. 43 at 4.

The relevant EEO charge describes the basis of the complaint as "retaliation and [h]arassment." Dkt. No. 41-1 at 27. Attached to the charge is an email providing the factual basis of her complaint. *See id.* at 29-30. Nowhere in the documents does

Poovannumvila mention whistleblowing or the WPA. Based on the record before the Court, it appears that no administrative agency considered her WPA claim. And, so, the undersigned finds that she failed to exhaust her administrative remedies as to her WPA claim. *See Baney v. Mukasey*, No. 3:06-cv-2064-L, 2008 WL 2673753, at *5 (N.D. Tex. June 30, 2008) (dismissing WPA claim for failure to exhaust where plaintiff's EEO complaint made "no mention of a WPA" claim).

The Court should dismiss Poovannumvila's whistleblower claims without prejudice.

**C. Hostile Work Environment**

Poovannumvila raises a claim of hostile work environment in her Amended Complaint. *See* Dkt. No. 14 at 9. Collins argues that this claim fails because Poovannumvila does not plead sufficient facts to support it. *See* Dkt. No. 40 at 18.

"Hostile work environment is a specific discrimination claim under Title VII," *Hudson v. Lincare, Inc.*, 58 F.4th 222, 229 (5th Cir. 2023) (citing *Harris v. Forklift Sys. Inc.*, 510 U.S. 17, 18-19 (1993)).

In employment discrimination cases, a plaintiff need not establish a prima facie case at the pleading stage. *See Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 766 (5th Cir. 2019); *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013). But a plaintiff must "plead sufficient facts on all of the ultimate elements of his claim to make his case plausible." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016) (citations omitted); *accord Meadows v. City of Crowley*, 731 F. App'x 317, 318 (5th Cir. 2018) (per curiam) (*Raj* "does not exempt a plaintiff from alleging facts

sufficient to establish the elements of her claims." (citations omitted)); *see also Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 387 n.1 (5th Cir. 2017) ("Although not a pleading standard, this court has looked to the 'evidentiary framework' set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), to determine whether a plaintiff pleads discriminatory intent." (cleaned up)).

The elements of a hostile work environment claim are "(1) membership in a protected group; (2) harassment (3) based on a factor rendered impermissible by Title VII; (4) the harassment affected a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment yet failed to address it promptly." *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 654 (5th Cir. 2012) (citing *Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002)).

So "[a] hostile work environment exists when the workplace is 'permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment.'" *Johnson v. Halstead*, 916 F.3d 410, 417 (quoting *Harris*, 510 U.S. at 21); *accord Hudson*, 58 F.4th at 229.

Courts in this circuit apply "an objective 'reasonable person standard' to evaluate severity and pervasiveness." *E.E.O.C. v. Boh Bros. Const. Co., L.L.C.*, 731 F.3d 444, 453 (5th Cir. 2013) (citing *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 82 (1998)). This inquiry "requires that the court consider 'all the circumstances,' including 'the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'"

*Johnson v. PRIDE Indus., Inc.*, 7 F.4th 392, 400 (5th Cir. 2021) (quoting *Harris*, 510 U.S. at 23). But "no single factor is required." *Harris*, 510 U.S. at 23.

Under this framework, Poovannumvila's allegations – taken from her Amended Complaint, her EEO charge, and the EEO counselor's report – are insufficient to plead a hostile work environment claim.

First, Poovannumvila's allegations of wrongdoing include "[r]emoval from regular duties," "isolation and exclusion from work and coworkers," "denial of leave" and being "forced to use" leave, "[d]enial of [p]rofessional development opportunities," "[d]enial of [s]upervisory signatures for the required Scholarship programs and training hours/dual appointment forms," and "[p]lacement on unfavorable work assignments and six months of scheduling exclusion." Dkt. No. 14 at 3.

These allegations are too vague for the undersigned to find that Poovannumvila was subject to severe and pervasive harassment. *See Taylor v. Academic P'ships, LLC*, No. 3:19-cv-1764-K, 2019 WL 6619808, at *5 (N.D. Tex. Nov. 5, 2019) ("[T]he environment Plaintiff vaguely describes is not one that can appropriately be labeled as abusive or unsafe."), *rec. adopted*, 2019 WL 6619385 (N.D. Tex. Dec. 4, 2019); *Chhim v. Univ. of Hous. Clear Lake*, 129 F. Supp. 3d 507, 515-516 (S.D. Tex. 2015) ("Chhim's vague factual and conclusory allegations" that "he received false denigrating and insulting verbal assignment and physical conduct toward him" were "insufficient to state a valid Title VII claim for hostile work environment.").

Poovannumvila's EEO documents contain additional factual allegations, but these, too, are insufficient. According to the EEO counselor's report, Poovannumvila

reported that supervisors gave her an "intimidating stare"; ordered her to "do [her] work now, now"; denied her request for one day of leave; placed her on "absent without leave" status while on sick leave; and changed her work assignment "from patient care to completing TMS training, reviewing patient policies, and other miscellaneous tasks." Dkt. No. 41-1 at 5-9. Poovannumvila's EEO complaint adds that she was asked to stay home from work for 2 weeks; that she was taken off the schedule on July 7, 2022; that her supervisor was "rude and intimidating"; and that a supervisor told Poovannumvila that she was "disappointed that she found [Poovannumvila] watching a 'quiz' program in [her] mother tongue." *Id.* at 27-30.

With respect to the severity of treatment by coworkers or supervisors, the Fifth Circuit has held that, in a hostile work environment claim, "[a]llegations of unpleasant work meetings, verbal reprimands, improper work requests, and unfair treatment do not constitute actionable adverse employment actions." *Sotonwa v. McDonough*, No. 1:22-cv-189-H, 2024 WL 4592376, at *15 (N.D. Tex. Oct. 28, 2024) (quoting *Bye v. MGM Resorts Int'l, Inc.*, 49 F.4th 918, 923 (5th Cir. 2022) (quoting, in turn, *Welsh v. Fort Bend Indep. Sch. Dist.*, 941 F.3d 818, 826 (5th Cir. 2019) (internal quotation marks omitted))). "Similarly, temporary changes to schedule and duty assignments are not sufficiently severe or pervasive as to constitute a hostile work environment." *Escalante v. Holder*, No. EP-09-cv-368-KC, 2011 WL 1528472, at *8 (W.D. Tex. Apr. 20, 2011) (citing *Ellis v. Principi*, 246 F. App'x 867, 871-72 (5th Cir. 2007)).

And, even if the alleged actions were severe enough to constitute harassment,

Poovannumvila has not sufficiently alleged that she was subjected to hostility on the basis of a protected status – here, her national origin, as reported to the EEO counselor. *See* Dkt. No. 41-1 at 6. She alleges no facts suggesting a causal connection between her national origin and most of the reported actions.

Only one allegation – that she was reprimanded for watching a "'quiz program in [her] mother tongue" – references her national origin. Dkt. No. 41-1. But this single comment – alone or with the other allegations – is not sufficient to satisfy the elements of a hostile work environment claim. *See Bennings v. UT Sw. Med. Ctr.*, No. 3:18-cv-2599-L, 2019 WL 2330652, at *6 (N.D. Tex. May 16, 2019) ("Focusing on her supervisor's comments that arguably have a racial element…, Bennings has not alleged that these incidents – isolated in time… – were 'sufficiently severe to alter the conditions of [her] employment and create an abusive working environment' and thus support a hostile-workplace claim based on race discrimination." (citations omitted)), *rec. adopted*, 2019 WL 2326116 (May 31, 2019).

Under the totality of the circumstances, Poovannumvila's allegations are insufficient to plead a hostile work environment claim.

But it does not appear that Poovannumvila has pleaded her best case. And, so, the Court should dismiss this claim without prejudice. *Cf. Allen v. Navy Fed. Credit Union*, No. 3:24-cv-949-L-BN, 2025 WL 484818, at *13 (N.D. Tex. Feb. 13, 2025) ("Granting leave to amend … is not necessary when the plaintiff has pleaded his or her 'best case' after apprised of pleading deficiencies." (citations omitted)).

To extent that Poovannumvila attempts to raise a distinct "retaliatory hostile

work environment" claim for the first time in her response to the Motion to Dismiss, the Court should not consider that claim.

That is because "a claim for relief" must be made through a pleading, FED. R. CIV. P. 8(a), and a response to a motion is not among the "pleadings [that] are allowed under the Federal Rules of Civil Procedure, FED. R. CIV. P. 7(a); *see, e.g.*, *Klaizner v. Countrywide Fin.*, No. 2:12-cv-1543 JCM (PAL), 2015 WL 627927, at *10 (D. Nev. Feb. 12, 2015) ("All claims for relief must be contained in a pleading. A response to a motion is not a pleading and it is improper for the court to consider causes of action not contained in the pleadings." (citations omitted)).

And, so, the undersigned will not analyze such a claim at this time.

**D. Discrimination**

The Amended Complaint alleges "hostile work environment and discrimination." *See* Dkt. No. 14 at 6. As to the discrimination claim, Collins argues that Poovannumvila "conflates the two terms without distinguishing what actions constitute discrimination as opposed to harassment." Dkt. No. 40 at 13 n.10.

But *pro se* complaints are construed liberally, and Poovannumvila need not assign each fact in the complaint to one particular cause of action.

Collins also notes that, "[t]o the extent that Plaintiff seeks to amend her complaint to add a discrimination or retaliation claim, Defendant addresses these causes of action in its response and opposition to Plaintiff's motion to file a second amended complaint." *Id.* But, in the Motion to Dismiss, Collins does not otherwise address Poovannumvila's discrimination or disparate treatment claim. And, so, the

undersigned cannot recommend dismissal of the discrimination claim based on Collins's Motion.

Insofar as Poovannumvila's proposed Second Amended Complaint reasserts her discrimination claim, the undersigned will analyze the futility of that as pleaded in her Motion for Leave.

**E. Due Process**

The Amended Complaint alleges that Collins violated Poovannumvila's due process rights. *See* Dkt. No. 14 at 6-7.

Collins argues that the "constitutional due process claim should be dismissed because Title VII is Plaintiff's exclusive remedy." Dkt. No. 40 at 15.

Poovannumvila, in her response, does not attempt to defend her due process claim. *See* Dkt. No. 43.

At the motion to dismiss stage, plaintiffs must defend their claims against the movant's arguments in order to preserve those claims. *See Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) (holding that, although plaintiff tried to establish a claim in her complaint, she abandoned that claim because she did not defend it in her response to defendant's motion to dismiss and, so, "fail[ed] to pursue this claim beyond her complaint[ ,which] constituted abandonment"). Courts are strict about this requirement, even when the plaintiff is *pro se*. *See Draper v. Deutsche Bank Nat'l Tr. Co.*, No. 3:18-cv-2904-L, 2019 WL 13240973, at *7-*8 (N.D. Tex. Sept. 30, 2019) (holding that *pro se* plaintiff who presented no arguments in defense of her claims in her response to defendant's motion to dismiss abandoned her claims); *Reese*

*v. Wells Fargo US Holdings, Inc.*, No. 3:19-cv-799-S-BK, 2020 WL 874807, at *1 (N.D. Tex. Jan. 30, 2020) (same), *rec. adopted*, 2020 WL 870227 (N.D. Tex. Feb. 20, 2020).

The undersigned construes Poovannumvila's failure to defend the constitutional claim as conceding that that claim fails, and it finds that Poovannumvila has abandoned that claim. *Cf. Douglas v. Dorchester Props. Ltd.*, No. 3:22-cv-100-K-BN, 2023 WL 5156337, at 4 (N.D. Tex. May 17, 2023) (finding that plaintiff did not abandon claim where he reasserted that claim in his response and responded to one of defendant's arguments regarding that claim), *rec. adopted*, 2023 WL 5155287 (N.D. Tex. May 17, 2023).

And, so, the Court should dismiss Poovannumvila's due process claim with prejudice.

## II. <u>Motion for Leave to Amend</u>

Because Poovannumvila filed a second Motion for Leave after being ordered to correct her filing, *see* Dkt. No. 37, the Court should deny the first Motion for Leave to Supplement and Amend Complaint [Dkt. No. 33] as moot.

The undersigned will address the merits of the second Motion for Leave to File Amended and Supplemental Complaint. *See* Dkt. No. 38. Because the Motion for Leave was timely filed before the deadline to amend pleadings expired, the undersigned will recommend leave unless a substantial reason to deny leave exists. *See* FED. R. CIV. P. 15(a).

Collins argues that the Motion for Leave should be denied as futile. *See* Dkt. No. 42 at 2. The undersigned addresses each claim asserted in the proposed Second

Amended Complaint in turn. *See* Dkt. No. 38-1.

And, in doing so, the undersigned considers both the EEO complaint, *see* Dkt. No. 41-1 at 27-30, and the EEO counselor's report, *see id.* at 6-10, because they are referenced in Poovannumvila's proposed Second Amended Complaint and central to her claims, *see* Dkt. No. 38-1 at 3, 4.

**A. Title VII Retaliation**

The undersigned first notes that, to the extent that Poovannumvila attempts to raise a claim for Title VII retaliation in her response to the Motion to Dismiss, *see* Dkt. No. 43 at 4, she may not do so, *see* FED. R. CIV. P. 7(a); *Klaizner*, 2015 WL 627927, at *10.

But she adds a Title VII retaliation claim in Count I of her proposed Second Amended Complaint. *See* Dkt. No. 38-1 at 7. And, so, the undersigned will address the merits of that claim here.

The "ultimate elements" of a retaliation claim are "1) [the plaintiff] engaged in protected activity, 2) she suffered an adverse employment action, and 3) a causal link exists between the protected activity and the adverse employment action." *Wright v. Union Pac. R.R. Co.*, 990 F.3d 428, 433 (5th Cir. 2021) (cleaned up).

1. <u>Protected Activity</u>

A protected activity under Title VII includes (1) opposition to any practice rendered unlawful by Title VII and (2) participation in an investigation, proceeding, or hearing under Title VII or making a charge, testifying, or assisting in such activity. *See Davis v. Dallas Indep. Sch. Dist.*, 448 F. App'x 485, 492 (5th Cir. 2011).

Poovannumvila's EEO complaint alleges that "[t]he retaliation started because" she was "'speaking up' for a coworker" on July 16, 2021. Dkt. No. 41-1 at 29. But she does not allege that she spoke up in order to oppose a practice prohibited Title VII, such as discrimination based on a protected trait. And, so, this allegation cannot constitute protected activity for purposes of the retaliation claim. *See Walker v. Univ. of Tex. Med. Branch – Galveston*, No. 3:17-cv-313, 2018 WL 3850827, at *4 (S.D. Tex. July 3, 2018) (noting that courts in this circuit "uniformly hold that an informal complaint must reference a discriminatory practice to constitute a protected activity" (citations omitted)), *rec. adopted*, 2018 WL 3844691 (S.D. Tex. Aug. 13, 2018).

Poovannumvila also alleges in her proposed Second Amended Complaint that on "July 7, 2021, Plaintiff reported wrongdoing by Supervisors at the Department of Veterans Affairs." Dkt. No. 38-1 at 2. "Immediately thereafter, [she] was subjected to reprisal and retaliatory hostile work environment." *Id.* Again, she does not allege that her report of wrongdoing was in relation to a practice prohibited by Title VII. And, so, this allegation, too, fails to constitute a protected activity.

But Poovannumvila alleges that she filed an EEO complaint on August 1, 2022. *See id.* at 4. And filing an EEO charge is a protected activity. *See Gladu v. One World Freight Sys.*, No. 3:22-cv-1181-X, 2024 WL 1641937, at *3 (N.D. Tex. Apr. 16, 2024).

2. <u>Adverse Employment Action</u>

As to the second element, Poovannumvila must prove that she suffered an adverse employment action. Such an action "need only be a term, condition, or

privilege of employment." *Hishon v. King & Spalding*, 467 U.S. 69, 77 (1984).

And, more recently, in *Hamilton v. Dallas County*, the United States Court of Appeals for the Fifth Circuit "made clear that Title VII requires a broader reading than [its] 'ultimate employment decision' line of cases permitted and thus 'end[ed] that interpretive incongruity' by removing that requirement," *Harrison v. Brookhaven Sch. Dist.*, 82 F.4th 427, 428 (5th Cir. 2023) (per curiam) (citing 79 F.4th 494 (5th Cir. 2023) (en banc)).

And, although "*Hamilton* recognized that Title VII 'does not permit liability for de minimis workplace trifles,'" the Court of Appeals "declined to address 'the precise level of minimum workplace harm' necessary to sustain a discrimination claim.'" *Yates v. Spring Indep. Sch. Dist.*, 115 F.4th 414, 420 (5th Cir. 2024) (quoting *Hamilton*, 79 F.4th at 506); *see also Fleming v. Methodist Healthcare Sys. of San Antonio, Ltd., L.L.P.*, SA-21-cv-01234-XR, 2024 WL 1055120, at *12 (W.D. Tex. Mar. 11, 2024) ("Although the Fifth Circuit declined to provide a minimum standard for adverse actions in *Hamilton*, it later clarified in *Harrison* that an adverse employment action requires: (1) employment discrimination – the 'adversity' requirement – that (2) causes the plaintiff a non-*de minimis* injury – the 'materiality' requirement. The materiality requirement ensures that the Fifth Circuit'\'s relaxed definition of adversity will not 'transform Title VII into a general civility code for the American workplace.' The challenged action must not only 'involve a meaningful difference in the terms of employment' but also 'injure the affected employee.'" (cleaned up)).

And, "as precedent informs us, the phrase 'terms, conditions, or privileges' should be broadly construed." *Harrison*, 82 F.4th at 430 (citing *Hamilton*, 79 F.4th at 502-04).

In her proposed Second Amended Complaint, Poovannumvila alleges that, after filing her August 1, 2022 EEO complaint, her supervisors or coworkers "manufactur[ed] disciplinary findings," her supervisor gave her an "[i]ntimidating stare for two minutes," and "invade[d] [her] personal space," and she was asked to perform her job without the "required keys and tools." Dkt. No. 38-1 at 4. She also alleges that she was placed on "unfavorable work assignments and six months of scheduling exclusion without any justification." *Id.* She alleges that she "received a retaliatory [ ] performance evaluation with no feedback or placed on Performance improvement plan." *Id.* She also alleges that "Union representatives notified the retaliation to the facility Director officially" on January 9, 2023. *Id.* And, on January 23, 2023, the "VA issued a proposed discharge," *id.* at 5, which was reduced to a proposed 5-day suspension.

Poovannumvila alleges that, in 2024, after filing her first EEO complaint, "the discrimination continued," and she mentions "[o]ngoing exclusions, gossip, [and] training denials." *Id.* at 6. And, on July 14, 2025, she alleges that a second EEO case was submitted for hearing. *See id.*

Most of the alleged actions – such as intimidating stares and unfavorable work assignments – are not materially adverse and cannot satisfy this second element of a retaliation claim. *See, e.g.*, *Harris v. Amazon.com Inc.*, No. 3:22-cv-2279-K-BN, 2024

WL 4958265, *5 (N.D. Tex. Nov. 14, 2024) (finding that "close scrutiny" and "[u]ndesirable work assignment[s]" are not materially adverse) (citations omitted).

The Fifth Circuit has held that suspensions as short as two days or being placed on a Performance Improvement Plan ("PIP") can amount to adverse employment actions. *See, e.g.*, *LeMaire v. La. Dep't of Transp. and Dev.*, 480 F.3d 383, 390 (5th Cir. 2007); *Lemonia v. Westlake Mgmt. Servs., Inc.*, No. 22-30630 2023 WL 6878915, at *7 (5th Cir. Oct. 18, 2023).

And, to the extent that Poovannumvila asserts constructive discharge, that, too, may be an adverse employment action. *See* Dkt. No. 38-1 at 8; *Gonzalez v. Smith Intern., Inc.*, 899 F. Supp. 2d 622, 638 (S.D. Tex. 2010).

The proposed Second Amended Complaint is hard to follow, and it is unclear from the allegations whether Poovannumvila was, in fact, suspended or discharged, or whether those actions were merely proposed.

But, even assuming that Poovannumvila has alleged materially adverse employment actions, she has failed to allege a causal connection between those actions and her protected activity.

3. Causal Link

With respect to causation, as explained above, "a plaintiff does 'not have to submit evidence to establish a prima facie case … at [the pleading] stage.'" *Wright*, 990 F.3d at 433 (quoting *Chhim*, 836 F.3d at 470. But a plaintiff must "plausibly allege [ ] the ultimate element of causation" by "plead[ing] facts permitting a reasonable inference that [the defendant] terminated her because of her … EEO

complaint." *Id.* In other words, "a plaintiff must demonstrate that the employer's decision 'was based in part on knowledge of the employee's protected activity.'" *Lyons v. Katy Indep. Sch. Dist.*, 964 F.3d 298, 305 (5th Cir. 2020).

"At the pleading stage [of a Title VII retaliation claim], a plaintiff can establish causation by showing a temporal proximity between the protected activity and the adverse employment action alone. This temporal proximity must be 'very close.'" *Newell v. Acadiana Planning Comm'n Inc.*, 637 F. Supp. 3d 419, 434 (W.D. La. 2022) (citing *Brown v. Wal-Mart Stores E., L.P.*, 969 F.3d 571, 578 (5th Cir. 2020) (citations omitted)); quoting *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001)).

Here, the temporal gap between the materially adverse employment actions and the protected activity is too large to establish causation. Poovannumvila alleges that she filed her first EEO complaint in August 1, 2022, *see* Dkt. No. 38-1 at 4, but she alleges that the "VA issued a proposed discharge" or 5-day suspension in January 3, 2023 – four months later, *id.* at 5; *accord Lyons*, 964 F.3d at 305 ("We have ruled, for example, that a six-and-a-half-week timeframe is sufficiently close, but that a five month lapse is not close enough, without other evidence of retaliation….").

As to the PIP, Poovannumvila does not allege when the PIP was implemented. *See* Dkt 38-1 at 4. So the undersigned cannot determine the temporal proximity between the EEO charge and the PIP. And a conclusory allegation that the PIP was "retaliatory" is not sufficient to establish causation. *Id.*

And, so, the undersigned finds that Poovannumvila has failed to plead a cause of action for Title VII retaliation. And the Court should deny Poovannumvila's Motion

for Leave to the extent that she seeks to add the retaliation claim as pleaded in the proposed Second Amended Complaint.

But it is not clear that Poovannumvila has pleaded her best case of retaliation, nor has she been apprised of the deficiencies of her claim. And, so, although the Court should deny the instant Motion for Leave, it should permit Poovannumvila to move for leave to file a complaint that addresses the deficiencies of her retaliation claim.

**B. Title VII Hostile Work Environment**

The undersigned has addressed the deficiencies of Poovannumvila's hostile work environment claim as pleaded in the Amended Complaint, and it has recommended that the Court dismiss that claim without prejudice to refiling.

Count II of the proposed Second Amended Complaint again raises a hostile work environment claim under Title VII. *See* Dkt. No. 8. But the new allegations do not correct the deficiencies identified above – that is, they do not plausibly show that Poovannumvila was subject to severe and pervasive harassment on the basis of a protected activity.

And, so, the Court should deny Poovannumvila's Motion for Leave to the extent that she seeks to reassert the hostile work environment claim as pleaded in the proposed Second Amended Complaint.

But, as explained above, it is not clear that Poovannumvila has pleaded her best case of hostile work environment. And she has not yet been apprised of her pleading's deficiencies. And, so, although the Court should deny the instant Motion for Leave, it should permit Poovannumvila to move for leave to file a complaint that

addresses the deficiencies of her hostile work environment claim.

### C. Title VII Disparate Treatment

Count III of Poovannumvila's proposed Second Amended Complaint raises a claim of disparate treatment under Title VII. Dkt. No. 38-1 at 7. Poovannumvila alleges that she was treated "less favorably than similarly situated employees based on protected activity, including denial of training, assignments, and professional and career advancement." *Id.*

Collins argues that this claim is futile because Poovannumvila failed to exhaust it. *See* Dkt. No. 42 at 6.

Title VII "[d]iscrimination and retaliation claims are distinct." *Frazier v. Sabine River Auth. La.*, 509 F. App'x 370, 374 (5th Cir. 2013) (per curiam). Although failing to check a box on the EEO charge is not fatal to a discrimination claim, for example, "[d]iscrimination and retaliation claims are distinct," and a court may find that a plaintiff did not exhaust administrative remedies when "the factual statement in [the plaintiff's] EEO charge did not put [the defendant] on notice that [the plaintiff] was asserting a retaliation claim. *Id.* Similarly, merely checking the box retaliation, for instance, on the EEO charge is not sufficient if the plaintiff fails to allege any facts concerning retaliation that would have put the EEO on notice about the possibility of a retaliation claim. *See Givs v. City of Eunice*, 512 F. Supp. 2d 522, 536-37 (W.D. La. 2007) (citing *Randel v. U.S. Dep't of Navy*, 157 F.3d 392, 395 (5th Cir. 1998)).

Poovannumvila's EEO charge describes the basis of her complaint as "retaliation and [h]arassment." Dkt. No. 41-1 at 27. That Poovannumvila does not

name "discrimination" in her EEO charge is not necessarily fatal to her claim.

But the allegations supporting her EEO claim make no mention of discrimination or any facts that would give rise to an investigation of discrimination. *See id.* at 29-30. For instance, they do not mention any disparate treatment based on her protected traits. *See id.*

And, so, the undersigned finds that Poovannumvila failed to exhaust her Title VII disparate treatment claim and that such a claim would be futile.

**D. Whistleblower Protection Act and Fifth Amendment Due Process**

Count IV of Poovannumvila's proposed Second Amended Complaint alleges violations of the WPA. *See* Dkt. No. 38-1 at 8. And Count V alleges violations of her Fifth Amendment due process rights. *See id.*

The undersigned has recommended that the WPA claim should be dismissed without prejudice for failure to exhaust and that the due process claim should be dismissed with prejudice for failure to defend. And, so, those claims are futile, and Poovannumvila should not be permitted to revive them in her proposed Second Amended Complaint.

**E. Retaliatory Fabrication of Evidence and Constructive Discharge**

Count VI of Poovannumvila's proposed Second Amended Complaint seeks relief for "retaliatory fabrication of evidence and constructive discharge." Dkt. No. 38-1 at 8.

As explained above, though a *pro se* complaint is construed liberally, this "does not require that the Court … create causes of action where there are none." *Smith*,

2013 WL 2291886, at *8.

"Retaliatory fabrication of evidence" is not a standalone cause of action. Rather, "retaliation" is prohibited by statute, as explained above. And Poovannumvila has already raised a retaliation claim in her proposed Second Amended Complaint. *See* Dkt. No. 38-1 at 7.

Nor is "constructive termination" or "constructive discharge" a standalone employment cause of action under Texas common law. But constructive discharge may be an adverse employment action under Title VII for purposes of a discrimination or retaliation claim. *See Gonzalez*, 899 F. Supp. 2d at 638.

And Poovannumvila has separately pleaded discrimination and retaliation claims under Title VII. *See* Dkt. No. 38-1 at 7.

And, so, her "retaliatory fabrication of evidence and constructive discharge" claim is, at best, redundant.

The Court should deny Poovannumvila's Motion for Leave to the extent that she seeks to include this claim.

**F. Defamation**

Count VII of Poovannumvila's proposed Second Amended Complaint raises a claim for defamation. *See* Dkt. No. 38-1 at 8.

Collins argues that the Court lacks jurisdiction over this claim under the Federal Tort Claims Act ("FTCA"). *See* Dkt. No. 42 at 4-5.

The undersigned agrees.

The FTCA "is the exclusive remedy for suits against the United States or its

agencies sounding in tort." *Willoughby v. U.S. ex rel U.S. Dep't of the Army*, 730 F.3d 476, 479 (5th Cir. 2013) (citing 28 U.S.C. § 2679(a)). That statute's "limited waiver of sovereign immunity [ ] allows plaintiffs to bring state law tort actions against the federal government." *Tsolomon v. United States*, 841 F.3d 378, 382 (5th Cir. 2016) (citing 28 U.S.C. § 2764). "[W]hether the government has waived its sovereign immunity goes to the court's subject matter jurisdiction." *Id.* (citing *Willoughby*, 730 F.3d at 479; 28 U.S.C. § 1346(b)(1)).

But such claims "may be brought against only the United States, and not the agencies or employees of the United States." *Esquivel-Solis v. United States*, 472 F. App'x 338, 340 (5th Cir. 2012) (per curiam) (citing 28 U.S.C. §§ 2671, 2679; *Galvin v. OSHA*, 860 F.2d 181, 183 (5th Cir. 1988)). "[A]n FTCA claim brought against a federal agency or employee rather than the United States shall be dismissed for want of jurisdiction." *Id.* (citations omitted).

Defamation is a tort, meaning the only proper way for Poovannumvila to bring a defamation claim against a federal agent would be if it were allowable under the FTCA. *See* 28 U.S.C. § 2674, 2679. It is not.

The FTCA provides a limited waiver of immunity for tort claims, but "[i]f the conduct upon which a claim is based constitutes a claim 'arising out of' any one of the torts listen in section 2680(h) [of the FTCA], then the federal courts have no jurisdiction to hear that claim." *Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994). Section 2680(h) specifically lists claims for libel, slander, and misrepresentation, which has been interpreted to include defamation claims. *See*

*Baker v. McHugh*, 672 F. App'x 357, 362 (5th Cir. 2016); *Johnson v. Sawyer*, 47 F.3d 716, 732 (5th Cir. 1995); *Williams v. United States*, 71 F.3d 502, 507 (5th Cir. 1995).

Here, Poovannumvila has filed suit against an agent of the United States, and there is no FTCA waiver of sovereign immunity for her defamation claim.

And, so, the Court should deny the Motion for Leave to the extent that Poovannumvila seeks to plead defamation because the Court does not have jurisdiction to hear such a claim.

**G. Intentional Infliction of Emotional Distress**

Count VIII of Poovannumvila's proposed Second Amended complaint seeks relief for IIED. *See* Dkt. No. 38-1 at 8.

Collins argues that the IIED claim is preempted by Title VII. *See* Dkt. No. 42 at 4.

The undersigned agrees.

"In *Hoffman-LaRoche Inc. v. Zeltwanger*, 144 S.W.3d 438 (Tex. 2008), the Texas Supreme Court reiterated that the tort claim of intentional infliction of emotional distress was originally recognized to be a 'gap-filler' tort, judicially created for the limited purpose of allowing recovery in those rare instances in which a defendant intentionally inflicts severe emotional distress in a manner so unusual that the victim has no other recognized theory of redress." *Tillison v. Trinity Valley Elec. Co-op, Inc.*, No. 3:25-cv-2480-D, 2005 WL 292423, at *2 (N.D. Tex. Feb. 7, 2005) (quoting *id.* at 447).

"The Texas Supreme Court further elaborated that '[i]f the gravamen of a

plaintiff's complaint is the type of wrong that [a] statutory remedy was meant to cover, a plaintiff cannot maintain an [IIED] claim regardless of whether he or she succeeds on, or even makes, a statutory claim." *Howe v. Yellowbook, USA*, 840 F. Supp. 2d 970, 979 (N.D. Tex. 2011) (quoting *Hoffman-LaRoche*, 144 S.W.3d at 447).

"While *Hoffman-La Roche* applied the gap-filler doctrine to preempt IIED claims where the same facts were raised in the plaintiff's claim under [state statutes], federal courts in this district have applied that same doctrine to IIED claims raised alongside Title VII claims." *Id.* (collecting cases).

Here, in support of her IIED claim, Poovannumvila alleges that "Defendant's extreme and outrageous conduct knowingly caused severe emotional distress." Dkt. No. 38-1 at 8. With this general allegation, Poovannumvila "has not distinguished the conduct that supports her IIED claim from that which supports her statutory workplace claims…. She alleges that [Collins]'s conduct was 'extreme and outrageous' and that this conduct caused her 'severe emotional distress,' but she does not allege any additional or separate facts from those related to her other claims." *Mejia v. Ayala*, No. 3:21-cv-587-D, 2021 WL 6063583, at *4 (N.D. Tex. Dec. 22, 2021).

And, so, Poovannumvila's IIED claim is preempted and futile.

### H. Concealment and Falsification of Documents

Count IX of Poovannumvila's proposed Second Amended Complaint seeks relief for "concealment and falsification of documents." Dkt. No. 38-1 at 8 (caps omitted).

Again, though a *pro se* complaint is construed liberally, this "does not require

that the Court ... create causes of action where there are none." *Smith*, 2013 WL 2291886, at *8.

Poovannumvila has not pointed to any standalone cause of action underpinning her "concealment and falsification of documents" claim. She may instead include the allegation that "Defendants knowingly concealed and altered documents and records relevant to Plaintiff[']s employment, discipline, and EEO Case" as support of some other cause of action in her proposed Second Amended Complaint. Dkt. No. 38-1 at 8.

Even under the most liberal construction of Poovannumvila's complaint, at most, the claim may be read as one for fraud. *See, e.g.*, *Smith v. Tex. Cap. Loans, LLC*, No. 4:24-cv-2757, 2025 WL 1914784 (S.D. Tex. May 20, 2025) (analyzing fraudulent misrepresentation claim based on defendant allegedly "falsifying documents").

Federal Rule of Civil Procedure 9(b)

> imposes a heightened pleading standard for fraud claims and requires that a party state with particularity facts supporting each element of fraud. At a minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby – "the 'who, what, when, where, and how' of the fraud."

*Choe v. Bank of America, N.A.*, No. 3:13-cv-120-D, 2013 WL 6159308, at *4 (N.D. Tex. Nov. 25, 2013) (quoting *Williams v. Bell Helicopter Textron, Inc.*, 417 F.3d 450, 453 (5th Cir. 2005) (cleaned up)); *see also Lee v. Samsung Elecs. Am., Inc.*, 717 F. Supp. 3d 585, 591 (S.D. Tex. 2024) ("[T]he requirement of particularity in fraud pleadings is meant to provide defendants with fair notice of the claims, protect defendants from harm to reputation and goodwill arising from speculative pleadings, and preclude

plaintiffs from bringing suit as a pretext for discovery in order to discover whether any fraud actually occurred." (quoting *Stevens v. Ford Motor Co.*, No. 2:18-cv-456, 2020 WL 12573279, at *4 (S.D. Tex. Nov. 2, 2020) (cleaned up))).

Here, Poovannumvila alleges that "leaders created fabricated and untimely fact-findings after Plaintiff escalated retaliation" and alleges vague instances of "altering documents" and "manufacturing disciplinary findings." Dkt. No. 38-1 at 30-4 (caps omitted). She also alleges that the "VA issued a proposed discharge using stale 2022 false allegations" and "[f]alsified information and inconsistencies in provided discharge proposal documents." *Id.* at 5.

These allegations do not meet Rule 9(b)'s heightened pleading requirements Rule 9(b).

And, to the extent that Poovannumvila alleges that Collins's concealing evidence constituted a due process violation, *see* Dkt. No. 38-1 at 8, the undersigned has recommended dismissing Poovannumvila's due process claim and denying leave to revive that claim in the proposed Second Amended Complaint.

And, so, the "concealment and falsification of documents claim" is futile.

## I. Violation of Privacy and Breach of Confidentiality

Count X of Poovannumvila's proposed Second Amended Complaint raises a claim for "violation of privacy right and breach of confidentiality." Dkt. No. 38-1 at 8. Poovannumvila alleges that on October 23, 2025, "a group litigation-hold email sent by the Agency Council disclosed Plaintiff's litigation to coworkers and third parties not involved with the case." *Id.* at 6. She also alleges that "Defendant's reckless

disregard of Plaintiff's legal privacy rights breach during litigation caused significant humiliation, intensified retaliation, and psychological injury." *Id.* at 8-9.

Poovannumvila appears to base this claim on the federal Privacy Act because, in her prayer for relief, she seeks "[d]amages and statutory relief for violations of the Privacy Act." *Id.* at 11; *accord Coleman v. United States*, 912 F.3d 824, 835 n. 13 (5th Cir. 2019) ("Coleman's briefs and pleadings are very unclear when it comes to explaining the cause of action by which she purports to be suing the federal government for alleged privacy violations. … Given the confusion in the pleadings, it was reasonable for the district court to have construed her filings as attempting to" "bring federal Privacy Act claims through the FTCA.").

As set out above, the FTCA provides "the exclusive remedy for suits against the United States or its agencies sounding in tort." *Willoughby*, 730 F.3d at 479.

But "alleged violations of the federal Privacy Act cannot be the basis for FTCA claims." *Coleman*, 912 F.3d at 835.

"[W]hen the FTCA is used as the vehicle for bringing invasion of privacy … allegations against agents of the United States, the pertinent inquiry is whether the federal agents violated applicable state tort laws – not whether the federal agents violated the elements of the federal Privacy Act." *Id.*

And, so, to the extent that Poovannumvila seeks relief for violations of the Privacy Act, those claims are barred by the FTCA.

And, insofar as Poovannumvila attempts to assert a state-law claim for violation of privacy, the undersigned finds that her "conclusory allegations are

insufficient to plead that [Collins] violated any particular state law." *Anderson v. Octapharma Plasma, Inc.*, No. 3:19-cv-2311-D, 2020 WL 1083608, at *11 (N.D. Tex. Mar. 6, 2020) (dismissing "violation of privacy rights" claim based on allegations with similar level of specificity).

And, so, Poovannumvila's "violation of privacy and breach of confidentiality" claim is futile. The Court should deny Poovannumvila's Motion for Leave to the extent that she attempts to add this claim to her proposed Second Amended Complaint.

**Recommendation**

The Court should grant in part and deny in part Defendant Doug Collins's Motion to Dismiss [Dkt. No. 39], dismiss Plaintiff Bindhu A. Poovannumvila's due process claims with prejudice, and dismiss her Whistleblower Protection Act claims and Title VII hostile work environment claims without prejudice.

The Court should deny Poovannumvila's Motion for Leave to Supplement and Amend Complaint [Dkt. No. 33] as moot.

And the Court should deny Poovannumvila's Motion for Leave to File Amended and Supplemental Complaint [Dkt. No. 38]. But, because Poovannumvila has not pleaded her best case of retaliation or hostile work environment under Title VII, the Court should permit her to file an amended complaint that corrects the deficiencies of those claims only.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections

within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 14, 2026

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE